# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:20-CV-472-DCK

| | |
|---|---|
| TRACY DENISE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act" (Document No. 23) filed August 29, 2022. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate.

The undersigned observes that attorney Charles E. Binder has submitted an "Affirmation" (Document No. 23-4) in support of Plaintiff's motion. The Affirmation indicates, *inter alia*, that counsel of record, Pamela Henry-Mays, "expended time working on Plaintiff's case" but "has waived her time as local counsel in light of the work done by other attorneys on the case." (Document No. 23-4, p. 3). It appears that Henry-Mays' work on this case was limited to filing pleadings and briefs. See (Document No. 23-5, p. 1). Plaintiff did not seek *pro hac vice* admission for either of the attorneys, Charles E. Binder and Daniel S. Jones, who did most, if not all of the legal work on this case. Id.

Nevertheless, having carefully considered the motion and the record, and noting that Defendant does not object to Plaintiff's request for fees, the undersigned will grant the motion. It appears that the time spent on this case and the fees requested are reasonable and that Plaintiff

should be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $5,000.00.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Attorney's Fees Pursuant To The Equal Access To Justice Act" (Document No. 23) is **GRANTED**. The Court will award attorney fees in the amount of **$5,000.00**, and pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States. The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, that debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe any debt, the Government will exercise its discretion and honor an assignment of EAJA fees, and pay those fees directly to the Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

**IT IS FURTHER ORDERED** that **$400.00** in costs shall be reimbursed to the Plaintiff from the Treasury Judgment Fund upon certification thereof by the Office of the United States Attorney to the Department of Treasury

**SO ORDERED**.

Signed: August 30, 2022

David C. Keesler
United States Magistrate Judge