# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:20-CV-472-DCK

| | |
|---|---|
| TRACY DENISE ROBINSON, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Notice Of Motion" (Document No. 25) filed August 16, 2023. The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

By the instant motion, Plaintiff's counsel seeks an award of attorney fees under the Social Security Act, 42 U.S.C. § 406(b) and Plaintiff's contingency fee agreement. (Document Nos. 25, 25-2, and 25-5). 42 U.S.C. § 406(b) provides that a "court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25 percent of the total of the past due benefits to which claimant is entitled by reason of such judgment." Relevant caselaw provides that a court should review contingent-fee agreements, such as the one here, for reasonableness. Griffin v. Astrue, 1:10-CV-115-MR, 2012 WL 3155578 at *2 (W.D.N.C. August 2, 2012) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002) and Mudd v. Barnhart, 418 F.3d 424 (4th Cir. 2005)).

Plaintiff was previously awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $5,000. (Document No. 24).

Plaintiff now seeks an Order directing that the Commissioner of Social Security pay counsel the sum of "$27,144.50, which represents 25% of the past-due benefits awarded to the claimant" for attorney fees. (Document Nos. 25-2, p. 3). Plaintiff asserts that "the reviewing court's primary focus should be on the reasonableness of the contingency agreement in the context of the individual claimant's particular case." (Document No. 25-2, p. 2) (citing Gisbrecht v. Barnhart, 535 U.S. 789 (2002)).

Plaintiff notes that

> While *Gisbrecht* made clear that reliance on the lodestar methodology and reference to particular hourly rate should not be the starting or primary point of analysis in determining if the requested fees are reasonable, the court "may" consider the de facto hourly rate as one factor in making a determination if an award of fees would be a windfall to counsel. *Gisbrecht* at 807. Here, the de facto hourly rate for the fee requested in this case would be approximately $1,081.45 per hour (arrived at by dividing the requested fee of $27,144.50 by the 25.10 hours expended on the case by counsel during the proceedings before this Court). Decisions from this District have held that similar de facto hourly rates do not represent a windfall to counsel.

(Document No. 25-2, p. 2) (citations omitted).

In response, Defendant states that she "neither supports nor opposes Plaintiff's counsel's request for fees, under 42 U.S.C. § 406(b), in the amount of $27,144.50." (Document No. 26). Defendant's failure to take any position on the pending motion is not helpful. The Court and the parties would likely be better served if experienced counsel such as those involved in this case conferred and jointly proposed a reasonable award of attorney's fees.

In fact, civil motions filed with this Court are required to show "that counsel have conferred…." LCvR 7.1(b). The undersigned notes that the pending motion does not indicate that counsel conferred as required by LCvR 7.1(b). Apparently, counsel was aware of this requirement and *did* confer regarding Plaintiff's previous request for EAJA fees. See (Document No. 23-7).

2

The undersigned observes, as has been previously noted in at least one similar case, that Plaintiff's counsel of record has done little, if any, work on this case other than signing and filing the Complaint and briefs.  See (Document No. 25-5, p. 5);  see also (Bruce v. Commissioner of Social Security, 5:20-CV-083-DCK, 2022 WL 3638185, at *2, n. 1, (W.D.N.C. Aug. 23, 2022)). It does not appear that either counsel working on this case have been admitted to practice in North Carolina or before this Court.  See (Document Nos. 25-4 and 25-5).  This arrangement, as well as Plaintiff's counsel's request for fees at a rate of over $1000 per hour, are cause for concern.

However, the undersigned notes that this Court has allowed similar requests for fees by Plaintiff's law firm.  See Duncan v. Saul, 3:17-CV-695-MOC, 2019 WL 13221693 (W.D.N.C. Oct. 18, 2019) (citing Jones v. Astrue, No. 1:09-CV-061-MR, 2012 WL 2568083 (W.D.N.C. June 29, 2012)).  Moreover, the Honorable Martin Reidinger has issued a decision providing an instructive analysis of the ability of non-admitted attorneys to recover fees:

> according to the rule announced in *Priestley,* a party may recover fees under the EAJA for the work performed by a non-admitted attorney, so long as that attorney maintains a limited "supporting role," such as providing brief writing services to a party's counsel. If the non-admitted attorney engages in direct representation of the client, such as appearing before the court, meeting with the client, contacting opposing counsel, or filing papers on the client's behalf, then the Court may decline to award fees for such attorney's work under the EAJA.

Carroll v. Astrue, 2:09-CV-054-MR, 850 F.Supp.2d 625, 628 (W.D.N.C. 2012) (citing Priestley v. Astrue, 651 F.3d 410, 418 (4th Cir.2011)).

Based on the foregoing, the undersigned is persuaded that Plaintiff may recover a reasonable fee for the services of the Law Offices of Charles E. Binder and Harry J. Binder, LLP. Under the circumstances of this case, the undersigned is satisfied that Plaintiff's request for fees, although high, is consistent with applicable authority and precedent.  Counsel is respectfully

advised that similar requests, especially in cases where counsel fails to abide by the Local Rules of this Court, may result in a reduction of the requested fee.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Notice Of Motion" (Document No. 25) is **GRANTED**. The Commissioner of Social Security shall pay Plaintiff's counsel attorney's fees in the amount of **$27,144.50**; such fees shall be paid to the Law Offices of Charles E. Binder and Harry J. Binder, LLP

**IT IS FURTHER ORDERED** that that upon receipt of the foregoing fees, Plaintiff's counsel shall promptly refund directly to Plaintiff the Equal Access to Justice Act fee of **$5,000.00**.

**SO ORDERED**.

Signed: August 29, 2023

David C. Keesler
United States Magistrate Judge